FILED
FEBRUARY 23, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JH

**08 C 1124**

| | |
|---|---|
| ROGELIO VASQUEZ, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF BERWYN, ) <br> a municipal corporation, ) <br> OFFICER D. GREEN, Star #298, ) <br> City of Berwyn Police Officer, ) <br> in his individual capacity, ) <br> ) <br> Defendants. ) | **JUDGE HART** <br> **MAGISTRATE JUDGE BROWN** |

COMPLAINT

Jurisdiction/Venue

1. This incident occurred on July 7, 2006, in the City of Berwyn, County of Cook, Illinois.

2. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

Parties

3. At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

4. At the time of the occurrence, Defendant City of Berwyn was a municipal corporation, and the principal employer of Defendant Green who was acting under color of law and in the course and scope of their employment with the City of Berwyn

as a police officer.

Facts

5. On or about July 7, 2006, the Plaintiff was in the vicinity of 3613 S. Gunderson, Berwyn, Illinois.

6. Then and there, Defendant Green stopped, seized, searched and arrested the Plaintiff.

7. During the initial seizure Defendant Green willfully caused bodily harm to the Plaintiff without any legal justification by kicking Plaintiff and jumping on Plaintiff's right hand causing a closed fracture of the metacarpal.

8. Defendant Green did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

9. As the proximate result of all the aforementioned actions by Defendant Green, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

10. Thereafter, Plaintiff was charged with misdemeanor offenses, which were terminated in the Plaintiff's favor on March 7, 2007, in a manner consistent with the innocence of the Plaintiff.

### COUNT I – 42 U.S.C. § 1983 Excessive Force

(Plaintiff v Defendant Green)

11. Plaintiff re-alleges all prior allegations.

12. The actions of Defendant Green in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights

under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

13. As the proximate result of all of the aforementioned actions by Defendant Green, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendant Green and because Defendant Green acted maliciously, wantonly or oppressively, Plaintiff seeks substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

### COUNT II – 42 U.S.C. § 1983 False Arrest

(Plaintiff v. Defendant Green)

14. Plaintiff re-alleges what has been previously alleged in this Complaint.
15. The actions of Defendant Green in falsely seizing, searching and ultimately arresting the Plaintiff without probable cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his persons, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.
16. As the proximate result of all the aforementioned actions by Defendant Green, Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological

damage and medical expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendant Green and because he acted maliciously, wantonly or oppressively, substantial punitive damages, plus the costs of this action, plus attorneys' fees and other and additional relief as this Court deems equitable and just.

### COUNT III – Illinois State Law Claim of Malicious Prosecution

(Plaintiff v. Defendants Green and City of Berwyn)

17. Plaintiff re-alleges what has been previously alleged in this Complaint.
18. Plaintiff was falsely charged by Defendant Green with a misdemeanor offense, even though Defendant Green knew there was no probable cause for these charges to be filed against the Plaintiff. The Defendant took such actions with malice and in an effort to cover-up the actions of himself.
19. In taking these actions, Defendant Green acted within the course and scope of his employment with the City of Berwyn, and thus the City of Berwyn is liable based on the theory of respondeat superior.
20. On March 7, 2007, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.
21. As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages along with loss of freedom (including but not limited to medical bills and attorneys' fees).

WHEREFORE, Plaintiff demands compensatory damages against Defendants Green and

City of Berwyn, plus punitive damages against Green, plus costs, and other and additional relief as this court deems equitable and just.

### COUNT IV – Indemnification (Federal Claims Only)

(Plaintiff v. City of Berwyn)

22. Plaintiff re-alleges what has been previously alleged in this Complaint.

23. Defendant City of Berwyn is the indemnifying entity for the actions described above, of Defendant Green, who took his actions while acting under the color of law and in the course and scope of his employment with the City of Berwyn as a police officer.

WHEREFORE, should Defendant Green be found liable on one or more of the claims set forth above, Plaintiff demands that Defendant City of Berwyn be found liable for any judgment (other than punitive damages) he obtains thereon.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                              Respectfully submitted,

                                              By:  ___s/ Brian J. Barrido_____

                                              Brian J. Barrido
                                              One of the Attorneys for Plaintiff

Brian J. Barrido
Dvorak, Toppel & Barrido
3859 West 26th Street
Chicago, Illinois 60623
(773) 521-1300 (phone)
(773) 521-4400 (fax)