**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROGELIO VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08 C 1124 |
| | ) | |
| CITY OF BERWYN and OFFICER DAVID | ) | Judge Hart |
| GREEN (Star #298), | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

**DEFENDANT OFFICER DAVID GREEN'S
ANSWER TO COMPLAINT**

Defendant Officer David Green ("Green"), through counsel, Shaw Gussis Fishman

Glantz Wolfson & Towbin LLC, answer Plaintiff's Complaint as follows:

Jurisdiction/Venue

1.  This incident occurred on July 7, 2006, in the City of Berwyn, County of Cook, Illinois.

**ANSWER**: This defendant admits that Rogelio Vasquez was arrested on or about July 7,

2006.

2.  The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); the Constitution of the United States, and pendent jurisdiction, as provided under U.S.C. § 1367(a).

**ANSWER**: This defendant does not contest this Court's jurisdiction over the present

litigation.

Parties

3.  At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER**:    This defendant is without knowledge as to the truth of the allegations contained in

paragraph 3 of the Complaint and therefore denies the same.

    4.    At the time of the occurrence, Defendant City of Berwyn was a municipal corporation, and the principal employer of Defendant Green who was acting under color of law and in the course and scope of their employment with the City of Berwyn as a police officer.

**ANSWER**:    This defendant admits that he was employed by the Berwyn Police Department on

July 7, 2006 and was acting within the scope of his employment at the time of Rogelio Vasquez'

arrest, but is without sufficient knowledge to form a belief as to the truth of the remaining

allegations contained in this paragraph and therefore denies the same.

Facts

    5.    On or about July 7, 2006, the Plaintiff was in the vicinity of 3613 S. Gunderson, Berwyn, Illinois.

**ANSWER**:    This defendant admits the allegations contained in paragraph 5 of the Complaint.

    6.    Then and there, Defendant Green stopped, seized, searched and arrested the Plaintiff.

**ANSWER**:    This defendant admits the allegations contained in paragraph 6 of the Complaint,

but denies any and all liability to the Plaintiff.

    7.    During the initial seizure Defendant Green willfully caused bodily harm to the Plaintiff without any legal justification by kicking Plaintiff and jumping on Plaintiff's right hand causing a closed fracture of the metacarpal.

**ANSWER**:    This defendant denies the allegations contained in paragraph 7 of the Complaint.

    8.    Defendant Green did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

**ANSWER**:    This defendant denies the allegations contained in paragraph 8 of the Complaint.

    9.    As the proximate result of all the aforementioned actions by Defendant Green, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER**:    This defendant denies that he engaged in any unlawful or wrongful conduct, denies any and all liability to the Plaintiff, and denies that his actions caused injury to Plaintiff. In further answer, this defendant is without knowledge as to the truth of the remaining allegations contained in this paragraph and therefore denies the same.

10.    Thereafter, Plaintiff was charged with misdemeanor offenses, which were terminated in the Plaintiff's favor on March 7, 2007, in a manner consistent with the innocence of the Plaintiff.

**ANSWER:**    This defendant denies that Plaintiff was "innocent" of the offenses for which he was charged, and this defendant is without knowledge as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and therefore denies the same.

## COUNT I – 42 U.S.C. § 1983 Excessive Force

(Plaintiff v. Defendant Green)

11.    Plaintiff re-alleges all prior allegations.

**ANSWER**:    This defendant incorporates by reference his responses to paragraphs 1-10, above, as if fully restated here.

12.    The actions of Defendant Green in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER**:    This defendant denies the allegations contained in paragraph 12 of the Complaint.

13.    As the proximate result of all of the aforementioned actions by Defendant Green, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER**:    This defendant denies that he engaged in any unlawful or wrongful conduct, denies any and all liability to the Plaintiff, and denies that his actions caused the injuries of

which Plaintiff complains.  In further answer, this defendant is without knowledge as to the truth

of the remaining allegations contained in this paragraph and therefore denies the same.

## COUNT II – 42 U.S.C. § 1983 False Arrest

(Plaintiff v. Defendant Green)

14.    Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER**:    This defendant incorporates by reference its responses to paragraphs 1-13, above,

as if fully restated here.

15.    The actions of Defendant Green in falsely seizing, searching and ultimately
arresting the Plaintiff without probable cause violated his rights under the Fourth
Amendment to the United States Constitution to be secure in his persons, papers
and effects against unreasonable searches and seizures and thus violated 42
U.S.C. § 1983.

**ANSWER**:    This defendant denies the allegations contained in paragraph 15 of the Complaint.

16.    As the proximate result of all the aforementioned actions by Defendant Green,
Plaintiff suffered loss of freedom, bodily injury, pain and suffering, psychological
damage and medical expenses.

**ANSWER**:    This defendant denies that he engaged in any unlawful or wrongful conduct,

denies any and all liability to the Plaintiff, and denies that his actions caused the injuries of

which Plaintiff complains.  In further answer, this defendant is without knowledge as to the truth

of the remaining allegations contained in this paragraph and therefore denies the same.

## COUNT III – Illinois State Law Claim of Malicious Prosecution

(Plaintiff v. Defendants Green and City of Berwyn)

17.    Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER**:    This defendant incorporates by reference it responses to paragraphs 1-16, above,

as if fully restated here.

18.    Plaintiff was falsely charged by Defendant Green with a misdemeanor offense,
even though Defendant Green knew there was no probably cause for these

charges to be filed against the Plaintiff.  The Defendant took such actions with malice and in an effort to cover-up the actions of himself.

**ANSWER**:    This defendant denies the allegations contained in paragraph 18 of the Complaint.

19.    In taking these actions, Defendant Green acted within the course and scope of his employment with the City of Berwyn, and thus the City of Berwyn is liable based on the theory of respondeat superior.

**ANSWER**:    This defendant denies the allegations contained in paragraph 19 of the Complaint.

20.    On March 7, 2007, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

**ANSWER**:    Defendant denies that Plaintiff was "innocent" of the crimes for which he was charged, and this defendant is without knowledge as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and therefore denies the same.

21.    As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages along with loss of freedom (including but not limited to medical bills and attorneys' fees).

**ANSWER**:    This defendant denies that he engaged in any unlawful or wrongful conduct and further denies any and all liability to the Plaintiff.  In further answer, this defendant is without knowledge as to the truth of the remaining allegations contained in this paragraph and therefore denies the same.

## COUNT IV – Indemnification (Federal Claims Only)

(Plaintiff v. City of Berwyn)

22.    Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER**:    The allegations of this Count are not directed to Defendant Green, individually, and therefore he makes no answer to them.  However, for purposes of clarity, this defendant incorporates his responses to paragraphs 1-21, above, as if fully restated here.

23.    Defendant City of Berwyn is the indemnifying entity for the actions described above, of Defendant Green, who took his actions while acting under the color of

law and in the course and scope of his employment with the City of Berwyn as a police officer.

**ANSWER**:    The allegations of this Count are not directed to Defendant Green, individually, and therefore he makes no answer to them.  However, for purposes of clarity, this defendant admits that he was employed by the Berwyn Police Department on July 7, 2006 and was acting within the scope of his employment at the time of Rogelio Vasquez' arrest, but is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies the same.

## GENERAL DENIAL

This defendant specifically denies any and all allegations contained in the Complaint that were not specifically answered above.

## AFFIRMATIVE DEFENSES

This defendant asserts the following affirmative defenses:

### First Affirmative Defense

The Plaintiff has failed to state a claim upon which relief can be granted against this defendant.

### Second Affirmative Defense

The Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

### Third Affirmative Defense

The Plaintiff's claims are barred by the doctrine of qualified immunity.

### Fourth Affirmative Defense

The Plaintiff's claims are barred against this defendant under the Illinois Local Governmental and Governmental Employees Tort Immunity Act.

**<u>Fifth Affirmative Defense</u>**

This defendant exercised reasonable and appropriate force to restrain the Plaintiff.

**<u>Sixth Affirmative Defense</u>**

This defendant had probable cause to arrest and detain the Plaintiff.

**<u>JURY DEMAND</u>**

This defendant demands trial by jury.

WHEREFORE, Defendant Officer David Green respectfully requests that the Court enter judgment in his favor and against the Plaintiff, and that it award him his litigation expenses, along with any other relief this Court deems appropriate.

Dated: April 29, 2008

Respectfully submitted,

OFFICER DAVID GREEN

By:_____s/S. Jarret Raab_____
        One of His Attorneys

David B. Goodman (#6201242)
S. Jarret Raab (#6294632)
Shaw Gussis Fishman Glantz
  Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, Illinois 60610
(312) 541-0151

## <u>CERTIFICATE OF SERVICE</u>

I, S. Jarret Raab, an attorney, certify that on April 29, 2008, I electronically filed, on behalf of Defendant, **DEFENDANT OFFICER DAVID GREEN'S ANSWER TO COMPLAINT**, with the Clerk of Court using the CM/ECF system, which will send notification of such filings to the following:

TO:   Richard J. Dvorak               Mark H. Sterk
       Neil L. Toppel                 Richard F. Bruen, Jr.
       Brian Joseph Barrido         Odelson & Sterk, Ltd.
       Dvorak, Toppel & Barrido     3318 West 95th Street
       3859 West 26th Street         Evergreen Park, Illinois
       Chicago, Illinois  60623

                                     s/S. Jarret Raab
                                     One of His Attorneys