**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ROGELIO VASQUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1124 |
| | ) | |
| CITY OF BERWYN and OFFICER DAVID | ) | Judge Hart |
| GREEN (Star #298), | ) | Magistrate Judge Brown |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT CITY OF BERWYN'S
ANSWER TO COMPLAINT</u>**

Defendant City of Berwyn ("Berwyn"), through counsel, Odelson & Sterk, Ltd,

answers Plaintiff's Complaint as follows:

<u>Jurisdiction/Venue</u>

      1.      This incident occurred on July 7, 2006, in the City of Berwyn, County of
Cook, Illinois.

**<u>ANSWER</u>**:    This defendant admits that Rogelio Vasquez was arrested on or about July

7, 2006.

      2.      The jurisdiction of this court is invoked pursuant to the Civil Rights Act,
42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 AND §
1343(a); the Constitution of the United States, and pendent jurisdiction, as
provided under U.S.C. § 1367(a).

**<u>ANSWER</u>**:    This defendant does not contest this Court's jurisdiction over the present

litigation.

Parties

3.      At all relevant times pertaining to this occurrence, Plaintiff was a resident of Chicago, Cook County, Illinois.

**ANSWER**:    This defendant is without knowledge as to the truth of the allegations

contained in this paragraph and therefore denies the same.

4.      At the time of the occurrence, Defendant City of Berwyn was a municipal corporation, and the principal employer of Defendant Green who was acting under the color of law and in the course and scope of their employment with the City of Berwyn as a police officer.

**ANSWER:**    This defendant admits that it was a municipal corporation and that

Defendant Green was employed by the Berwyn Police Department as a police officer on

July 7, 2006.  The remaining allegations contained in this paragraph are legal conclusions

to which no answer is required.  To the extent that those remaining allegations may

require an answer, this defendant is without sufficient knowledge to form a belief as to

the truth of these remaining allegations and therefore denies same.

5.      On or about July 7, 2006, the Plaintiff was in the vicinity of 3613 S. Gunderson, Berwyn, Illinois.

**ANSWER**:    This defendant admits the allegations contained in this paragraph.

6.      Then and there, Defendant Green stopped, seized, searched and arrested the Plaintiff.

**ANSWER**:    This defendant admits the allegations contained in this paragraph but

denies any and all liability to the Plaintiff.

7.      During the initial seizure, Defendant Green willfully caused bodily harm to the Plaintiff without any legal justification by kicking Plaintiff and jumping on Plaintiff's right hand causing a closed fracture of the metacarpal.

**ANSWER**:    This defendant denies the allegations contained in this paragraph.

8.      Defendant Green did not have a reasonable basis for using any force, much less the amount of force used against the Plaintiff.

**ANSWER**:      This defendant denies the allegations contained in this paragraph.

9.      As the proximate result of all the aforementioned actions by Defendant Green, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER**:      This defendant denies the allegations contained in this paragraph.

10.      Thereafter, Plaintiff was charged with misdemeanor offenses, which were terminated in the Plaintiff's favor on March 7, 2007, in a manner consistent with the innocence of the Plaintiff.

**ANSWER**:      This defendant denies that Plaintiff was "innocent" of the offenses for which he was charged, and this defendant is without knowledge as to the truth of the remaining allegations contained in this paragraph and therefore denies the same.

## COUNT I – 42 U.S.C. § 1983 Excessive Force

(Plaintiff v. Defendant Green)

11.      Plaintiff re-alleges all prior allegations.

**ANSWER**:      The allegations of this Count are not directed to this defendant but the Plaintiff is seeking this defendant's indemnification for the acts and omissions alleged in this Count, and the Plaintiff incorporates the allegations of this Count into Count IV of this Complaint.  Therefore, this defendant shall respond to the allegations set forth in this Count so that these responses may be incorporated as this defendant's response to Count IV.  This defendant incorporates its responses above as if fully restated here.

12.      The actions of Defendant Green in physically abusing and otherwise using unreasonable and unjustifiable force against the Plaintiff, violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

3

**ANSWER**:    This defendant denies the allegations contained in this paragraph.

13.    As the proximate result of all of the aforementioned actions by Defendant Green, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER**:    This defendant denies the allegations contained in this paragraph.

### COUNT II – 42 U.S.C. § 1983 False Arrest

(Plaintiff v. Defendant Green)

14.    Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER**:    The allegations of this Count are not directed to this defendant but the Plaintiff is seeking this defendant's indemnification for the acts and omissions alleged in this Count, and the Plaintiff incorporates the allegations of this Count into Count IV of this Complaint.  Therefore, this defendant shall respond to the allegations set forth in this Count so that these responses may be incorporated as this defendant's response to Count IV.  This defendant incorporates its responses above as if fully restated here.

15.    The actions of Defendant Green in falsely seizing, searching and ultimately arresting the Plaintiff without probable cause violated his rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures and thus violated 42 U.S.C. § 1983.

**ANSWER**:    This defendant denies the allegations contained in this paragraph.

16.    As the proximate result of all of the aforementioned actions by Defendant Green, the Plaintiff suffered bodily injury, pain and suffering, psychological damage and medical expenses.

**ANSWER**:    This defendant denies the allegations contained in this paragraph.

## COUNT III – Illinois State Law Claim of Malicious Prosecution

(Plaintiff v. Defendants Green and City of Berwyn)

17.     Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER**:     This defendant incorporates its responses above as if fully restated here.

18.     Plaintiff was falsely charged by Defendant Green with a misdemeanor offense, even though Defendant Green knew there was no probable cause for these charges to be filed against the Plaintiff.  The Defendant took such actions with malice and in an effort to cover-up the actions of himself.

**ANSWER**:     This defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies same.

19.     In taking these actions, Defendant Green acted within the course and scope of his employment with the City of Berwyn, and thus the City of Berwyn is liable based on the theory of respondeat superior.

**ANSWER**:     The allegations contained in this paragraph are legal conclusions to which no answer is required.  To the extent that these allegations may require an answer, this defendant is without sufficient knowledge to form a belief as to the truth of these allegations and therefore denies same.

20.     On March 7, 2007, all charges against the Plaintiff were terminated in the Plaintiff's favor, in a manner consistent with the innocence of the Plaintiff.

**ANSWER**:     This defendant denies that Plaintiff was "innocent" of the offenses for which he was charged, and this defendant is without knowledge as to the truth of the remaining allegations contained in this paragraph and therefore denies the same.

21.     As a result of the actions described in this complaint, the Plaintiff suffered physical, emotional and pecuniary damages along with loss of freedom (including but not limited to medical bills and attorneys' fees).

**ANSWER**:     This defendant denies the allegations contained in this paragraph.

## COUNT IV – Indemnification (Federal Claims Only)

(Plaintiff v. City of Berwyn)

22.     Plaintiff re-alleges what has been previously alleged in this Complaint.

**ANSWER**:     This defendant incorporates its responses above as if fully restated here.

23.     Defendant City of Berwyn is the indemnifying entity for the actions described above, of Defendant Green, who took his actions while acting under the color of law and in the course and scope of his employment with the City of Berwyn as a police officer.

**ANSWER**:     The allegations contained in this paragraph are legal conclusions to which no answer is required.  To the extent that these allegations may require an answer, this defendant is without sufficient knowledge to form a belief as to the truth of these allegations and therefore denies same.

## GENERAL DENIAL

This defendant specifically denies any and all allegations contained in the Complaint that were not specifically answered above.

## AFFIRMATIVE DEFENSES

This defendant asserts the following affirmative defenses:

### First Affirmative Defense

The Plaintiff has failed to state a claim upon which relief can be granted against this defendant.

### Second Affirmative Defense

The Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

### Third Affirmative Defense

The Plaintiff's claims are barred by the doctrine of qualified immunity.

## **Fourth Affirmative Defense**

The Plaintiff's claims are barred against this defendant under the Illinois Local

Governmental and Governmental Employees Tort Immunity Act.

## **Fifth Affirmative Defense**

Defendant Green exercised reasonable and appropriate force to restrain the
Plaintiff.

## **Sixth Affirmative Defense**

Defendant Green had probable cause to arrest and detain the Plaintiff.

## **JURY DEMAND**

This defendant demands trial by jury.

WHEREFORE, Defendant City of Berwyn respectfully requests that the Court

enter judgment in its favor and against the Plaintiff, and that it award it its litigation

expenses, along with any other relief this Court deems appropriate.

Respectfully submitted,

CITY OF BERWYN

By:    s/ Richard F. Bruen, Jr.
_____
One of Its Attorneys

Mark H. Sterk
Richard F. Bruen, Jr.
Robert Wilder
Odelson & Sterk, Ltd.
3318 W. 95th St.
Evergreen Park, IL  60805
(708) 424-5678